# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| Nathan Daniel Adakai,<br><br>        Plaintiff<br><br>v.<br><br>Nevada Department of Corrections et al.,<br><br>        Defendants | Case No. 2:15-cv-01480-JAD-VCF<br><br>**Order Dismissing Action** |

    This is a *pro se* civil-rights action filed under 42 U.S.C. § 1983 by a state prisoner. Plaintiff did not file an application to proceed *in forma pauperis* or pay the filing fee for this case. So, on October 16, 2015, I gave him 30 days to do so or have his case dismissed. ECF 2 at 2. He neither filed a pauper application nor paid the filing fee.

    District courts have the inherent power to control their dockets and "[i]n the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal" of a case. *Thompson v. Hous. Auth. of City of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action with prejudice when a party fails to prosecute an action, obey a court order, or comply with local rules. *See Ghazali v. Moran*, 46 F.3d 52, 53-54 (9th Cir. 1995) (dismissal for noncompliance with local rule); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); *Carey v. King*, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (dismissal for failure to comply with local rule requiring *pro se* plaintiffs to keep court apprised of address); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for lack of prosecution and failure to comply with local rules).

    When deciding whether to dismiss an action for these reasons, the court must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives. *Thompson*,

782 F.2d at 831; *Henderson*, 779 F.2d at 1423-24; *Malone*, 833 F.2d at 130; *Ferdik*, 963 F.2d at 1260-61; *Ghazali*, 46 F.3d at 53.

Here, the first two factors—the public's interest in expeditiously resolving this litigation and the court's interest in managing the docket—weigh in favor of dismissal.  The third factor, risk of prejudice to defendants, also weighs in favor of dismissal because a presumption of injury arises from an unreasonable delay in filing a pleading ordered by the court or prosecuting an action.  *See Anderson v. Air West*, 542 F.2d 522, 524 (9th Cir. 1976).  The fourth factor—public policy favoring disposition of cases on their merits—is greatly outweighed by the factors favoring dismissal.

Finally, a court's warning to a party that his failure to obey the court's order will result in dismissal satisfies the "consideration of alternatives" requirement.  *Ferdik*, 963 F.2d at 1262; *Malone*, 833 F.2d at 132-33; *Henderson*, 779 F.2d at 1424.  My order requiring plaintiff to file an application to proceed *in forma pauperis* or pay the full filing fee within 30 days expressly stated: "IT IS FURTHER ORDERED that if plaintiff does not timely comply with this order, dismissal of this action may result."  ECF 2 at 2.  Thus, plaintiff had adequate warning that this case would be dismissed unless he timely filed an application to proceed *in forma pauperis* or paid the full filing fee.

**Conclusion**

It is therefore ORDERED that this action is dismissed without prejudice because plaintiff failed to file an application to proceed *in forma pauperis* or pay the full filing fee in compliance with this court's October 16, 2015, order.  The Clerk of Court is directed to enter judgment accordingly.

DATED: This 25th day of November, 2015.

_____
Jennifer Dorsey
United States District Judge